**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANDRE COOPER,**

      **Petitioner,**

**v.**
                          **Civil Action No. 5:14cv112**
                          **(Judge Stamp)**

**TERRY O'BRIEN, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 25, 2014, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On August 29, 2014, he filed his petition on the Court-approved form and on September 12, 2014, he paid the $5.00 filing fee. Petitioner is a federal inmate who is housed at USP Hazelton and is challenging the validity of his conviction arising out of the United States District Court for the Eastern District of Pennsylvania. This matter is pending before the undersigned for a Report and Recommendation.

### II. FACTS[1]

On October 23, 2003, a federal grand jury in the Eastern District of Pennsylvania returned a 44-count superseding indictment charging 8 members of the "Boyle Street Boys," including Petitioner, with various charges stemming from a cocaine racketeering enterprise, during which four murders were committed, the last of which was the murder of Federal witness Tracy Saunders, who was to testify against Petitioner's co-defendant, Vincent Williams, in a firearms straw purchase case.

---

[1]Except where specifically noted otherwise, the facts are taken from Petitioner's criminal case available on PACER. 2:01-cr-00512-JCJ, Eastern District of Pennsylvania.

Trial commenced on January 9, 2006. On April 12, 2006, after 3-month trial, Petitioner was

convicted of the following charges in the indictment:

> Count 8, participation in the affairs of an interstate enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c);
>
> Count 9, conspiracy to murder Tracey Saunders in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2;
>
> Count 10, murder of Tracy Saunders in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2;
>
> Count 11, tampering with a witness Tracy Saunders by Murder, in Violation of 18 U.S.C. §§ 2, 1111(a), 1512(a)(1)(a) and (c), and 1512 (a)(2)(A);
>
> Count 14, a conspiracy to murder Antonio Rykard in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2;
>
> Count 15, murder of Antonio Rykard in aid of racketeering, in violation of 18 U.S.C. 1959(a)(1) and 2;
>
> Count 21, conspiracy to murder Karriem Washington in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2;
>
> Count 22, murder of Karriem Washington in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2;
>
> Count 23, using a firearm during and in relation to a crime of violence, i.e., the murder of Karriem Washington, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j)(1), and 1111(a);
>
> Count 25, conspiracy to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. 846;
>
> Count 26, conspiracy to distribute more than 5 kilograms of cocaine in a school zone, in violation of 21 U.S.C. 860 and 846;
>
> Counts 29 and 31, possession of cocaine with the intent to distribute, in violation of 21 U.S.C. 841(a)(1);
>
> Counts 30 and 32, possessing a firearm in furtherance of a drug

trafficking crime and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c); and

Counts 42 and 43, distribution of cocaine, in violation of 21 U.S.C. 841(a)(1).

In May 2006, after a penalty hearing, the jury declined to impose the death penalty on Petitioner for those counts which qualified for the imposition of the death penalty, that is, the convictions for murder and using a firearm during a crime of murder. On July 27, 2006, the Court imposed three consecutive life sentences without the possibility of release on the murder counts as to Petitioner. Petitioner filed an appeal arguing that the evidence was insufficient to establish a RICO enterprise, that there was insufficient evidence that certain of the murders were committed in furtherance of the RICO enterprise, that the court erred by failing to sever the defendants' trials, that the court erred in its handling of an alleged Brady violation, and the court aired in denying a motion for a mistrial. The Third Circuit denied the appeal, finding that the evidence was more than sufficient and that the district court committed no error.

On September 1, 2010, Petitioner filed a motion under 28 U.S.C. 2255. In it, Petitioner claimed that his counsel committed a laundry list of errors that caused the attorney to be so ineffective at the trial and during appeal that petitioner was deprived of his right to effective counsel as guaranteed him under the Constitution, and that he should be given a new trial. On March 15, 2011, the court denied Petitioner's Motion to Vacate. On July 7, 2011, the Court of Appeals affirmed the District Court's judgment. On May 27, 2014, the United States Court of Appeals for the Third

Circuit denied Petitioner's request to file a second or successive § 2255 motion.[2]

On February 19, 2013, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Eastern District of California alleging that the United States Supreme Court's decision in Fowler v. United States, rendered his conviction for tampering with a witness in violation of 28 U.S.C. § 1512(a)(1)(c) unlawful. On May 21, 2013, the petition was dismissed, and the Court declined to issue a certificate of appealability. Although Petitioner filed an appeal, he subsequently filed a motion for voluntary dismissal, which was granted by the Ninth Circuit on March 19, 2014. See 1:13-cv-00676-BAM, Eastern District of California (Fresno)(available on PACER).

Also on February 19, 2013, Petitioner filed a second habeas petition pursuant to 28 U.S.C. § 2241 in the Eastern District of California, alleging that the United States Supreme Court's decisions in Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S.Ct. 2455, 2460 (2012), rendered the sentence for his conviction for tampering with a witness in violation of 28 U.S.C. § 1512(a)(1)(c) unlawful. On July 16, 2014, the District Court dismissed the petition with prejudice. On April 20, 2014, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. See 1:14-cv-00508-LJO-SMS, Eastern District of California (Fresno) (available on PACER.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly

---

[2]Petitioner indicates that he was attempting to raise the claims he is raising in this petition. ECF. No. 5 at 7.

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4ᵗʰ Cir. 1990).

## IV.  ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).  A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28

U.S.C. § 22559(e). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

Id. at 333-34.

In support of his request that this Court vacate his convictions on Counts twenty-nine and thirty and resentence him without those convictions, Petitioner argues that he is actually innocent

---

[3]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

of those convictions in light of the Supreme Court decision in <u>Rosemond v. United States</u>, 134 S.Ct.

1240 (2014).[4] In addition, Petitioner argues that the <u>Rosemond</u> ruling is a statutory decision and

applies to Petitioner in a § 2241 proceeding." ECF No. 5 at 9. However, in order to raise a claim of

actual innocence under § 2241, Petitioner must first establish that he is entitled to review under §

2241 by meeting the <u>Jones</u> requirements, which he is unable to do.[5] In the instant case, even if

Petitioner satisfied the first and third elements of <u>Jones</u>, the crimes for which Petitioner was

convicted all remain criminal offenses. Therefore, Petitioner has not satisfied the <u>Jones</u> criteria by

establishing that § 2255 is inadequate or ineffective to test the legality of his detention.

Moreover, this Court cannot convert this § 2241 petition into a § 2255 petition and transfer

the case because Petitioner previously filed such a habeas action, and must first obtain permission

from the appropriate Court of Appeals before filing a second or successive petition. Moreover, it

is clear that Petitioner cannot satisfy the gatekeeping requirements of § 28 U.S.C. § 2255(h) by resort

---

[4]In <u>Rosemond</u>, which involved a jury trial, the Court held that the Government establishes
that a defendant aided and abetted a § 924© violation by proving that the defendant actively
participated in the underlying drug trafficking or violent crime with advance knowledge that a
confederate would use or carry a gun during the crime's commission. <u>Rosemond</u> at 1245-1251.
The Court concluded that the trial court's instructions were erroneous because they failed to
require that Rosemond knew in advance that one of his cohorts would be armed in telling the jury
to consider merely whether Rosemond "knew his cohort used a firearm" the court did not direct
the jury to determine when Rosemont obtained the requisite knowledge – *i.e.*, to decide whether
Rosemont knew about the gun in sufficient time to withdraw from the crime.

[5]<u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241
proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow
and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence
means factual innocence, not mere legal insufficiency.); <u>see also</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993) (
"A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas
petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); <u>Royal v.
Taylor</u>, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a
freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be
dismissed.

to <u>Rosemond</u>.

In <u>Rosemond</u>, which was decided on direct rather than collateral review, the Supreme Court did not hold that its decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal government," or is otherwise not "dictated by precedent existing at the time the defendant's conviction became final." <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989). Indeed, the Supreme Court was clear that its decision in <u>Rosemond</u> was dictated by established precedent. <u>Rosemond</u>, 134 S.Ct. at 1248-49. Furthermore, a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review. <u>See</u> <u>Teague</u>, 489 U.S. at 310-311. While there are two exceptions to <u>Teague</u>, <u>Rosemond</u> does not fall within either of them. <u>See</u> <u>Martinez v. U.S.</u>, 2014 WL 3361748 (N.D. Tex.)(citing <u>Schirro v. Summerlin</u>, 542 U.S. 348, 351-52). <u>Rosemond</u> did not announce a new "substantive" rule, namely a rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment. <u>Id.</u> at 352. Furthermore, the rule announced in <u>Rosemond</u> does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Id.</u> (internal quotation marks and citations omitted). Finally, since the <u>Rosemond</u> decision, the Supreme Court has not held that it applies retroactively, and no circuit court has given it such effect. <u>See</u> <u>Montana v. Cross</u>, No. 14-cv-1019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014)(collecting cases).

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 28, 2015

/s/ *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE