IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDRE COOPER,

       Petitioner,

v.                                     Civil Action No. 5:14CV112
                                                            (STAMP)
TERRY O'BRIEN, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND DISMISSING THE PETITIONER'S PETITION**

The petitioner, Andre Cooper ("Cooper"), filed this pro se[1] petition under 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report and recommendation dismissing the petition. Cooper timely filed objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, dismisses the petition, and overrules Cooper's objections.

I. Background

On April 12, 2006, Cooper was convicted of racketeering in violation of 18 U.S.C. § 1962(c), three counts of conspiracy to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

commit murder in furtherance the racketeering enterprise, three counts of murder in furtherance of the racketeering enterprise, tampering with a witness by murder, using a firearm in a crime of violence, conspiracy to distribute more than five kilograms of cocaine, possession of cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and distribution of cocaine. Cooper was sentenced to three consecutive life sentences without the possibility of release.

Cooper appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit arguing that there was insufficient evidence that the murders were committed in furtherance of the racketeering enterprise. The Third Circuit upheld his conviction. He filed a motion to vacate his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The court denied the motion, and the Third Circuit affirmed. Cooper requested leave to file a second or successive § 2255 motion, but the Third Circuit denied the request. He then filed a habeas corpus petition under 28 U.S.C. § 2241, seeking vacatur of his conviction for tampering with a witness by murder. The district court denied the petition. Cooper appealed the dismissal, but voluntarily dismissed his appeal. Cooper then filed another petition under § 2241 seeking vacatur of the same conviction. The

district court dismissed this petition, and the Ninth Circuit denied Cooper's request for a certificate of appealability.

On August 29, 2014, Cooper filed this petition under § 2241 seeking vacatur of his conviction as an accomplice to possession and use of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Cooper argues that the Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014), invalidates his conviction because the Court concluded that a defendant cannot be convicted as an accomplice to a violation of § 924(c) unless the defendant had advance knowledge that one of his confederates would carry or use a firearm. Cooper alleges that he did not have advanced knowledge that his codefendants would use firearms.

United States Magistrate Judge James E. Seibert found that given the Cooper's allegations, he was required to fulfill the requirements of § 2255's savings clause. The magistrate judge recommended that the petition be denied under In re Jones, 226 F.3d 328 (4th Cir. 2000), as the convicted offense remains a crime. The magistrate judge also noted that this Court cannot convert the petition into a § 2255 petition and transfer the case because Cooper previously filed such a petition and must now seek permission from the appropriate Court of Appeals to file a second petition. Finally, the magistrate judge concluded that Rosemond

did not establish a "new rule," and it does not apply retroactively.

In his objections, Cooper argues that his petition can proceed under § 2241's savings clause and Jones.  He argues that Rosemond changed the elements for accomplice liability for a § 924(c) violation, requiring that the defendant have "advanced knowledge" of the entire offense to be convicted as an accomplice.  Cooper also argues that Rosemond should apply retroactively under United States v. Greene, Nos. 14-C-431, 08-CR-124, 2015 WL 347833 (E.D. Wis. Jan. 23, 2015).

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made.  As to those findings to which objections were not filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Magistrate Judge Seibert found that § 2241 is an improper vehicle for Cooper's claims because he attacks the validity of his sentence rather than the means of execution, and such challenges

must be brought pursuant to 28 U.S.C. § 2255. The magistrate judge further concluded that Cooper could not maintain his petition under § 2241's "savings clause" because he failed to demonstrate that § 2255 does not provide an adequate remedy.

A prisoner may file a motion under § 2255 to collaterally attack the legality of his conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 only to challenge the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner may use § 2241 to collaterally attack the legality of his conviction or sentence only if the remedy under § 2255 is "inadequate or ineffective." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(e).

Section 2255 is not inadequate merely because the prisoner has been unable to obtain relief under § 2255. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, § 2255 is not rendered inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. Id. (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

5

> prisoner cannot satisfy the gatekeeping provisions of
> § 2255 because the new rule is not one of constitutional
> law.

Jones, 226 F.3d at 333–34.

Here, the magistrate judge concluded that, under Jones, Cooper failed to show that § 2255 is inadequate because, while Cooper cannot satisfy § 2255's gatekeeping provisions, the crime for which he was convicted remains a crime. Cooper argues that his conduct is no longer a crime under the Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2012). This Court concludes, and Cooper concedes, that Cooper's conduct was illegal at the time of his conviction and that he does not satisfy the gatekeeping provisions of § 2255 because Rosemond does not provide a new rule of constitutional law. Thus, the only issue is whether Rosemond changed the substantive law such that "the conduct of which [Cooper] . . . was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 334.

Cooper argues that Rosemond changed the elements required to convict a defendant as an accomplice to a violation of 18 U.S.C. § 924(c). In Rosemond, the Supreme Court held that a defendant is guilty as an accomplice to a violation of § 924(c) if "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 134 S. Ct. at 1243. Assuming without deciding that, under Rosemond, Cooper's

6

conduct would not be criminal if committed now, this Court concludes that Rosemond does not apply retroactively to this collateral proceeding.

"[A]n old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." Whorton v. Bockting, 549 U.S. 406, 416 (2007). "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (alteration in original and internal quotation marks omitted). A new rule is one that "was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). A decision does not announce a new rule when it is "merely an application of [a] principle that governed [a prior] decision." Id. at 307.

None of the Courts of Appeals have determined whether Rosemond created a "new rule," but many imply that it does not. See Goree v. Chapa, 589 F. App'x 275, 276 (5th Cir. 2015) (noting that the precedent under which the petitioner was convicted "was consistent with Rosemond"); Rodriguez-Pena v. Werlich, 610 F. App'x 435, 436 (5th Cir. 2015) (same); Berry v. Capello, 576 F. App'x 579, 592 (6th Cir. 2014) (noting that the "Supreme Court did not state whether the principles explained in Rosemond apply retroactively");

7

United States v. Davis, 750 F.3d 1186, 1192–93 (10th Cir. 2014) ("After Rosemond, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun." (emphasis added)). Nearly every district court to consider this issue has concluded that Rosemond did not create a "new rule." See Smith v. Warden, No. 15-CV-515, 2015 WL 3827236, *3 (W.D. La. June 18, 2015) (noting that "the Supreme Court was clear that its Rosemond holding **was** directed by established precedent" (emphasis in original)); Woods v. Wilson, No. 15-623ADM/HB, 2015 WL 2454066, *5 (D. Minn. May 22, 2015) (concluding that "the holding in Rosemond does not represent a new rule of law"); Nix v. United States, No. 1:15-cv-79-LG, 2015 WL 2137296, *2-3 (S.D. Miss. May 7, 2015) (concluding that Rosemond is not retroactively applicable to cases on collateral review); Aquil v. Butler, No. 6:14-230-DCR, 2015 WL 1914404, *4 (E.D. Ky. Apr. 27, 2015) (concluding that a § 2241 petition could not proceed under the savings clause based on Rosemond because "Rosemond does not apply retroactively to cases on collateral review"); Montana v. Cross, No. 3:14-cv-01019, 2014 WL 5091708, *3 (S.D. Ill. Oct. 10, 2014) (collecting cases that refuse to apply Rosemond retroactively). But see United States v. Greene, Nos. 14-C-431, 08-CR-124, 2015 WL 347833, *2 (E.D. Wisc. Jan. 23, 2015) (concluding that Rosemond applied retroactively to a § 2255 motion attacking a § 924(c) conviction).

This Court joins the majority of district courts that have dealt with this issue, and concludes that Rosemond does not apply retroactively on collateral review because it did not announce a "new rule." In Rosemond, the Supreme Court clearly explains that its holding was dictated by established precedent. See Rosemond, 134 S. Ct. at 1248-50 (citing Pereira v. United States, 347 U.S. 1, 12 (1954); Nye & Nissen v. United States, 336 U.S. 613, 619 (1949); Bozza v. United States, 330 U.S. 160, 165 (1947)) (discussing "some basics about aiding and abetting law's intent requirement" and that "a person who actively participates in a criminal scheming knowing its extent and character intends that scheme's commission" (emphasis added)). As such, Rosemond did not establish a "new rule," but was "merely an application of [a] principle that governed [a prior] decision." Teague, 489 U.S. at 307.

Cooper argues that this court should depart from the majority and conclude that Rosemond announced a "new rule" that made certain conduct non-criminal. Cooper relies on United States v. Greene, Nos. 14-C-431, 08-CR-124, 2015 WL 347833 (E.D. Wisc. Jan. 23, 2015), wherein the district court concluded that, prior to Rosemond, Seventh Circuit precedent permitted "a § 924(c) aiding and abetting conviction by proving that the defendant either knew or should have known that a firearm would be used in an underlying crime of violence." Id. at *2 (citing United States v. Woods, 148 F.3d 843, 846 (7th Cir. 1998)). Thus the Greene court concluded

9

that Rosemond changed the law by stating a ruling contrary to Seventh Circuit precedent. But contrary to the court's conclusion, Rosemond did not overturn an established rule of law. While "[t]he explicit overruling of an earlier holding no doubt creates a new rule," Whorton, 549 U.S. at 416, Rosemond did not overrule an earlier Supreme Court holding or even a Court of Appeals' holding. It merely corrected an erroneous jury instruction. See Rosemond, 134 S. Ct. at 1251 (noting that the district court "erred in instructing the jury, because it did not explain that Rosemond needed advance knowledge of a firearm's presence"). To the extent that prior Circuit Court precedent is inconsistent with Rosemond, that precedent was based on erroneous applications of preexisting Supreme Court precedent, and Rosemond corrected that error but did not overrule any prior holdings. Id. at 1249 (concluding that the well established principle that to be liable as an accomplice, the defendant must have advance knowledge of the extent and character of the criminal venture, and that this principle holds true in the context of § 924(c)). As such, Rosemond displaces prior inconsistent Court of Appeals precedent prospectively and retroactively only in cases that are pending on direct review.

Because Rosemond did not announce a "new rule," Rosemond does not apply retroactively to Cooper's petition. Therefore, under Jones, Cooper failed to show that § 2255 is inadequate and ineffective to test the legality of his conviction. Cooper cannot

10

maintain his petition under § 2241's savings clause, and his petition must be dismissed.

IV. Conclusion

For the reasons set forth above, Cooper's petition must be dismissed. Therefore, the magistrate judge's report and recommendation (ECF No. 16) is AFFIRMED AND ADOPTED. Accordingly, Cooper's petition (ECF Nos. 1, 5) is DISMISSED. Further, Cooper's objections to the report and recommendation (ECF No. 20) are OVERRULED.

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:       October 16, 2015

                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE